CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

WENDY M. GARBERS (CABN 213208)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6475
FAX: (415) 436-7234
wendy.garbers@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERNEST DOTSON,<br><br>Defendant. | No. 26-CR-00123 YGR<br><br>**UNITED STATES'S SENTENCING MEMORANDUM**<br><br>Date: November 12, 2026<br>Time: 2:30 p.m. |

## I. FACTUAL BACKGROUND

Shortly after midnight on November 8, 2025, Oakland Police Department officers were patrolling the uptown area, as part of a "First Friday" nightclub detail. They were flagged down by a woman wearing a blue jacket. The woman indicated that her boyfriend had a gun and had pointed it at her. She identified a man in the crowd, who was later identified as defendant Ernest Dotson. Dotson was located in the middle of the street of the 1700 block of Telegraph Ave. Dotson was wearing a sweatshirt and appeared to have the handle of a firearm protruding from his pocket.

Officers called out for Dotson to stop, announcing themselves as "Oakland Police." Dotson did not stop, but instead began to run. Officers ran in pursuit and ultimately detained Dotson, placing him in handcuffs. In the process of conducting a cursory search, Officer Rodriguez recovered a firearm, a

loaded, black, .40 caliber, Glock 27, bearing serial number BSMF113, from Dotson's right-side hoodie pocket. After being cuffed and relieved of the gun, Dotson ran from the officers again and attempted to hide. He was found and detained once more.

Officers Mirandized Dotson and took his statement. Dotson indicated that he gotten into an altercation with a woman and her boyfriend, who were previously unknown to him. Dotson further indicated that the boyfriend had brandished a firearm and that the female had hit Dotson in the nose. Dotson stated that he then grabbed his "partner's" gun in response. Officers attempted to find the female who had initially flagged them down, but were unable to.

Dotson had numerous prior felony convictions, including four prior convictions for being a felon in possession of a firearm. He is prohibited from possessing a gun.

## II. PROCEDURAL BACKGROUND

On March 19, 2026, the grand jury returned an indictment against Dotson, charging him with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On August 27, 2026, Dotson accepted responsibility for his crime and pled guilty.

At the time of the instant offense, Dotson was on mental health diversion relating to Assault with a Firearm charges, brought under California Penal Code section 245(a)(2), pending in Alameda Superior Court. The charges arose from an incident on June 26, 2024, in which Dotson and his girlfriend got into a fight with another couple at a movie theater in Union City, California. What started as a dispute over one of the parties talking during the movie escalated into a physical fight between the couples. During the first fight, Dotson exhorted his girlfriend to "grab the strap" and to "pop" the other man. She complied and shot the victim. (PSR ¶ 29.)

After the incident that gave rise to the instant charges, Dotson's mental health diversion was revoked. On May 26, 2026, he was sentenced to 6 years in prison for the movie theater assault. (PSR ¶ 29.) Dotson came into federal custody on May 28, 2026. (PSR ¶ 4.)

## III. SENTENCING GUIDELINES CALCULATIONS

As set forth in the PSR, the Sentencing Guidelines calculations for Dotson's offense level are as follows:

a. **Base Offense Level, U.S.S.G. § 2K2.1(a)(6):** **14**

| | |
|---|---|
| b. **Specific offense characteristics:** | **+0** |
| c. **Acceptance of Responsibility § 3E1.1:** | **-2** |
| d. **Adjusted Offense Level:** | **12** |

*See* PSR ¶¶ at 12-20. The parties have not reached any agreement regarding Dotson's criminal history. Probation has calculated that Dotson's criminal history score is 22, and he therefore falls into Criminal History Category VI. (*Id.* at ¶ 32.) The government agrees with Probation's criminal history calculations. As reflected in the PSR, the Guidelines range for imprisonment associated with adjusted offense level 12 and Criminal History Category VI is 30-37 months. (*Id.* at ¶ 62.)

## IV. GOVERNMENT'S SENTENCING RECOMMENDATION

The Court must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to rehabilitate the defendant. 18 U.S.C. § 3553(a)(2); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). Section 3553(a) sets forth several factors that the Court must consider in determining a just sentence: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the purposes of sentencing; (3) the kinds of sentences available; (4) the Guidelines range for sentences; (5) any pertinent policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims. 18 U.S.C. § 3553(a); *Carty*, 520 F.3d at 991. The Guidelines are "the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). Although the Guidelines are not binding, they "reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives." *Rita v. United States*, 551 U.S. 338, 350 (2007).

A significant sentence is warranted here. This is Dotson's fifth conviction for being a felon in possession of a firearm. (PSR ¶¶ 24, 25, 27, 28.) A significant sentence is necessary to deter him from continuing on this path. *See United States v. Segura-Del Real*, 83 F.3d 275, 277 (9th Cir. 1996) (A sentencing court acts fully within its discretion when it "consider[s] the defendant's repetition of the same or similar offenses" and bases its sentence on that circumstance.). Dotson's most recent conviction, arising from the near-deadly incident at the movie theater, further underscores why it is imperative that Dotson not have access to guns.

Against this backdrop, the government recommends that the Court sentence Dotson to 24 months. This is a significant, but below guidelines sentence, which should deter Dotson from continuing to possess firearms. It is not greater than necessary and accounts for defendant's difficult upbringing and his early acceptance of responsibility.

**V. CONCLUSION**

For the foregoing reasons, the government respectfully recommends that the Court sentence Dotson to 24 months in custody, 3 years of supervised release, and a $100 special assessment. The Court should also order Dotson to forfeit the firearm and ammunition seized on or about November 8, 2025.

DATED: November 5, 2026

Respectfully submitted,
CRAIG H. MISSAKIAN
United States Attorney

*<u>/s/ Wendy M. Garbers</u>*
WENDY M. GARBERS
Assistant United States Attorney